UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| ROBERT A. TURNBULL<br>Plaintiff,<br><br>v.<br><br>O'REILLY RANCILIO, P.C.<br>Defendant. | Case No.:<br>Hon. |
|---|---|

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and violation of the Michigan Regulation of Collection Practices Act.

3. Venue is proper because the acts and transactions occurred here in the Eastern District of Michigan Federal Courts ("this District"), Plaintiff was defaulted in this district, Plaintiff was garnished in this district, and Defendant transacts business here.

4. Plaintiff Robert A. Turnbull is a natural person who at all relevant times resided in Wisconsin and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and MCL § 445.251(f).

5. Defendant O'Reilly Rancilio P.C. (hereinafter "Defendant") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and is a regulated person as that term is defined by MCL § 445.251(g)(xi).

### FACTUAL ALLEGATIONS

6. On information and belief, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes based upon a debt for a student loan that allegedly went into default and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and MCL § 445.251(a).

7. Defendant sued Plaintiff in the Eastern District of Michigan Federal Court on May 26, 2011 11-12333 DML-MAR for the alleged defaulted student loan debt.

8. At the time that Defendant commenced the action it asserted that Plaintiff's address was 2802 Plainfield Ave. Flint, MI 48506.

9. Plaintiff's father resided at that address but plaintiff had not lived there in several years.

10. Defendant asserted that Plaintiff was "served" June 6, 2011 at 10311 Charter Oaks Drive, Davison, Michigan 48423 by Dustin Miller.

11. At the time the action was commenced and at the time of service Plaintiff worked and resided in the State of Wisconsin.

12. Plaintiff had a lease agreement with Charter Oaks that expired in 2009.

13. When Plaintiff obtained the underlying debt that Defendant was suing upon, he signed the note in the State of Illinois.

14. Suing upon a student loan debt constitutes an attempt to collect a debt.

15. A student loan debt is a consumer debt.

16. Defendant filed a proof of service of the summons and complaint stating that plaintiff had been served on June 6, 2011 in Davison Michigan.

17. Plaintiff was not served.

18. Plaintiff did not reside in Davison, Michigan in 2011.

19. The representation that he was served and lived in Michigan was false.

20. A default judgment was entered against plaintiff on June 30, 2011.

21. Defendant then began filing garnishments against plaintiff none of which appeared to be successful until 2015.

22. In June 2015, plaintiff became aware of the default judgment when a garnishment was served upon his employer.

23. In July or August 2015, Plaintiff informed defendant that it had sued in the improper venue and that he had not been served.

24. Plaintiff provided a copy of a Transunion credit report showing his address history in Wisconsin as of 2010, a letter from his employer verifying he was working in Wisconsin in 2011, and payroll records showing that he was punched in at work in Wisconsin on the date and time served.

25. Despite this notice, counsel for defendant continued to attempt to collect a debt and failed to voluntarily cause the judgment to be immediately vacated instead stating that "you are going to have to pay the debt anyway".

26. Defense counsel then filed a release of garnishment late August 2015, admitting that it had a reasonable belief that the garnishment was invalid, but still failed to return the funds to plaintiff.

27. By filing a garnishment against plaintiff, defense counsel made a false representation.

**CAUSES OF ACTION**
**COUNT I.**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

28. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

30. Defendant violated 15 U.S.C. § 1692i(a)(2)(A)(B) because it sued Plaintiff in a judicial district in which Plaintiff did not reside at the time of the commencement of the action and because it sued Plaintiff in a judicial district where the contract sued upon was not signed.

31. Defendant continued the false representation by filing a proof of service that was false and by filing garnishments against plaintiff including one filed in June 2015.

32. A garnishment is a communication to collect a debt.

33. The garnishment falsely represented that defense counsel had the right and power to garnish plaintiff when defendant should have known it had no subject matter jurisdiction to file a lawsuit against plaintiff in Michigan.

34. Defendant violated 15 U.S.C. § 1692e(10) when it falsely represented by filing a garnishment that defendant had the right to obtain money from plaintiff in a proceeding which it had no jurisdiction because no service had been obtained and because venue was improper.

35. By filing a release of the garnishment but holding the money, defendant was representing that on the one hand, the garnishment was defective but on the other hand it was legally acceptable to hold the funds.

36. Defendant had a duty to comply with the Department of Education's Litigation Manual that required certain actions be taken within 30 days prior to suing a debtor.

37. Defendant failed to obtain verification of property, address, banking information, employment and credit disclosures all of which would have indicated that plaintiff resided in the State of Wisconsin at the time of the filing.

38. The judgment obtained by Defendant is therefore, invalid and either has been or should be vacated.

39. As a result of the act, Plaintiff has been garnished based upon a lawsuit he was never served and that should have been filed in a different venue.

40. Plaintiff has been damaged as a result of Defendant's acts.

41. The most recent attempt to collect a debt was within the past year.

42. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

**COUNT II.**
**VIOLATIONS OF THE MICHIGAN REGULATION OF**
**COLLECTION PRACTICES ACT ("MRCPA")**
**MCL § 445.251 et seq.**

43. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

44. Filing a lawsuit, filing pleading asserting service of process and filing garnishments are communications because each and every act conveyed information regarding a debt, directly or indirectly, to a person through any medium.

45. Defendant violated MCL § 445.252(a) because it filed a complaint, proof of service and garnishments against plaintiff that were invalid by operation of law and in doing so communicated in a misleading or deceptive manner.

46. Defendant misrepresented in communications with plaintiff the legal rights of the creditor and debtor when it failed to immediately return garnished funds and failed to immediately agree to vacate the judgment in violation of MCL § 445.252(f)(ii).

47. Defendant made inaccurate, misleading, untrue, or deceptive statements or claims in communication(s) to collect a debt when it filed a lawsuit, proof of service and garnishments upon plaintiff in violation of MCL § 445.252(e).

48. The above violations were willful because defendant had an affirmative obligation to follow the Department of Education's Litigation Manual prior to filing suit and obtain accurate up to date property, banking, location, employment information and obtain a credit report within 30 days prior to suit.

49. The violations were also willful because defendant released the garnishment and then failed to return the garnished funds asserting that plaintiff owed the

debt anyway after having knowingly failed to get accurate location information prior to filing suit.

50. Plaintiff suffered loss because of defendant's actions.

51. Plaintiff suffered and may continue to suffer injury and/or damage as a result of defendant's acts because 1) money was collected by a practice, method or act in violation of the MRCPA and 2) he still has not received the garnished funds that were based upon an invalid judgment.

52. Plaintiff seeks the greater of not less than five times actual damages under MCL § 445.257(2) or $50 per violation or $150 per willful violation of the MRCPA, plus costs and attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant.

## TRIAL BY JURY

53. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of actual damages;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

# COUNT II
## VIOLATION OF THE MICHIGAN REGULATION OF COLLECTION PRACTICES ACT MCL 445.251 et. seq.

- for an award of the great of not less than five times actual damages or statutory damages for the willful acts of Defendant pursuant to MCL § 445.257(2) against Defendants and for Plaintiffs;

- for a finding that each and every Defendant committed willful violations of MCL § 445.257(2);

- for an award of costs of litigation and reasonable attorney's fees pursuant to MCL § 445.257(2) against each and every Defendant and for Plaintiffs;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: June 1, 2016

*/s/ Andrew L. Campbell*
Andrew L. Campbell
1000 Beach St, Suite B
Flint, MI 48502
(810) 232-4344
hundy24@yahoo.com
P64391

Attorney for Plaintiff