## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT A. TURNBULL,

                Plaintiff,

v.

O'REILLY RANCILIO P.C.,

                Defendant.

Case No. 2:16-cv-11971-GAD-MKM
Hon. Gershwin A. Drain

---

| | |
|---|---|
| Andrew L. Campbell (P64391) | O'REILLY RANCILIO P.C. |
| Attorney for Plaintiff | Craig S. Schoenherr, Sr. (P32245) |
| 1000 Beach Street, Suite B | Eric C. Turnbull (P76382) |
| Flint, MI 48502 | Attorneys for Defendant |
| (810) 232-4344 | 12900 Hall Road, Suite 350 |
| michiganbk@gmail.com | Sterling Heights, MI 48313 |
| | (586) 726-1000 |
| | cschoenherr@orlaw.com |
| | eturnbull@orlaw.com |

---

### DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OR ALTERNATIVELY FOR SUMMARY JUDGMENT PURSUANT TO RULE 56(c)

Defendant O'Reilly Rancilio P.C. hereby files the instant Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and relies upon the facts and arguments as set forth in the accompanying Brief in Support. Defendant respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's Complaint with prejudice, awarding Defendant costs and attorney fees for having to defend this action, and granting any other relief this Court deems just and appropriate under the circumstances.

Respectfully submitted,

O'REILLY RANCILIO P.C.

*/s/ Eric C. Turnbull*

Craig S. Schoenherr, Sr. (P32245)
Eric C. Turnbull (P76382)
Attorneys for Defendant
12900 Hall Road, Suite 350
Sterling Heights, MI 48313
(586) 726-1000
cschoenherr@orlaw.com
eturnbull@orlaw.com

Dated: August 10, 2016

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ROBERT A. TURNBULL,

                Plaintiff,                    Case No. 2:16-cv-11971-GAD-MKM
                                                        Hon. Gershwin A. Drain

v.

O'REILLY RANCILIO P.C.,

                Defendant.

---

| | |
|---|---|
| Andrew L. Campbell (P64391)<br>Attorney for Plaintiff<br>1000 Beach Street, Suite B<br>Flint, MI 48502<br>(810) 232-4344<br>michiganbk@gmail.com | O'REILLY RANCILIO P.C.<br>Craig S. Schoenherr, Sr. (P32245)<br>Eric C. Turnbull (P76382)<br>Attorney for Defendant<br>12900 Hall Road, Suite 350<br>Sterling Heights, MI 48313<br>(586) 726-1000<br>cschoenherr@orlaw.com<br>eturnbull@orlaw.com |

---

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OR ALTERNATIVELY FOR SUMMARY JUDGMENT PURSUANT TO RULE 56(c)

# I.   INTRODUCTION

Plaintiff has filed the instant action against Defendant alleging violation of the Fair Debt Collection Practices Act. In essence, Plaintiff has alleged that Defendant has violated the FDCPA by bringing a student loan collection suit in the wrong venue. However, Defendant has delayed approximately five years since the date of service and contends that Defendant made a mistake based on the information provided to it by the creditor. Defendant therefore requests dismissal of the lawsuit pursuant to Fed. R. Civ. P. 12(b)(6) due to running of the statute of limitations or, alternatively, summary disposition pursuant to Fed. R. Civ. P. 56(c) under the bona fide error doctrine, 15 U.S.C. § 1692k(c).

## II.   ISSUES PRESENTED

1.   Has Plaintiff's complaint stated a claim upon which relief can be granted?

Plaintiff's answer: Yes
Defendant's answer: No

2.   Has Plaintiff filed his lawsuit for claimed violations of the FDCPA within the applicable period of limitations?

Plaintiff's answer: Yes
Defendant's answer: No

3.   Is Defendant entitled to summary judgment pursuant to the bona fide error defense?

Plaintiff's answer: No
Defendant's answer: Yes

4.   Has Defendant made a knowingly false representation about Plaintiff?

Plaintiff's answer: Yes
Defendant's answer: No

### III.    CONTROLLING AUTHORITY

The instant case is controlled by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and all case law interpreting the Act. Specifically at issue in this case is 15 U.S.C. § 1692k, which imposes a private cause of action for alleged violations of the Act. Defendant argues that the instant case should be dismissed pursuant to 15 U.S.C. § 1692k(c) and/or 15 U.S.C. § 1692(d).

Plaintiff has also brought a claim for violation of the Michigan Regulation of Collection Practices Act (MRCPA), MCL 445.251 et seq.

# IV. INDEX OF AUTHORITIES

**Cases:**

*Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F.Supp.2d 928, 930 (S.D. Ohio 1999)................................................................6, 7

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2541 (1986).............6

*Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).........................................7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)....................................5

*Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).......................5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986)......................6

*Charbonneau v. Asset Acceptance, LLC*, 611 F.Supp.2d 736, 743 (E.D. Mich. 2009)....................................................................................11

*Frame v. City of Arlington*, 657 F.3d 215, 238 (5th Cir. 2011).............................8

*Harris v General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000)...................................6

*Hartman v. Great Seneca Financial Corp.*, 569 F.3d 606 (6th Cir. 2009)............................9

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 538 F.3d 469, 476 (6th Cir. 2008), *rev'd on other grounds*, 559 U.S. 573 (2010) ....................................14

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586; 106 S.Ct. 1348, 1356 (1986)..........................................................................6

*McDonald v. Asset Acceptance LLC*, 296 F.R.D. 513 (E.D. Mich. 2013) ...........................7, 11

*Nichols v. Byrd*, 435 F.Supp.2d 1101 (D. Nev. 2006).........................................13, 14

*Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) ....................................5

*Polinsky v. Community Health Partners Regional Health System*, 858 F.Supp.2d 891, 897 (N.D. Ohio 2012)........................................................................7

*Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1032 (1992) ...........................12, 13

*Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440 (5th Cir. 2013)....................7, 8

**Statutes:**

15 U.S.C. § 1692k(a) ...................................................................................7

15 U.S.C. § 1692k(c) ................................................................................8, 9

15 U.S.C. § 1692k(d) ...................................................................................7

MCL 445.252 ..............................................................................................15

**Court Rules:**

Fed. R. Civ. P. 12(b)(6) ...............................................................................5

Fed. R. Civ. P. 56(c) ................................................................................5, 6

Fed. R. Civ. P. 56(e) ....................................................................................6

## V.    INDEX OF EXHIBITS

**Exhibit 1**    -    NCO Credit Report

**Exhibit 2**    -    Debt Validation Letter

**Exhibit 3**    -    Call Recording Notes

**Exhibit 4**    -    Request for Change of Address

**Exhibit 5**    -    Affidavit of Personal Service

**Exhibit 6**    -    2013 TLO Search Results

**Exhibit 7**    -    2014 TLO Search Results

**Exhibit 8**    -    Garnishee Disclosure

**Exhibit 9**    -    Affidavit of Marissa Chojnacki in Support of Defendant's Motion for Summary Judgment

## VI.    STATEMENT OF FACTS

### A. UNDERLYING COLLECTION LAWSUIT

The underlying lawsuit giving rise to Plaintiff's allegations was a student loan collection matter. Defendant O'Reilly Rancilio P.C. is a contracted private counsel for the United States of America for student loan collections. On March 10, 2011, the U.S. Department of Education forwarded to Defendant a collection file for Robert A. Turnbull with instructions to file suit and seek a judgment for outstanding student loan payments. The file contained a credit report for Mr. Turnbull, run on the same date, identifying him by social security number and giving a current address of 2802 Plainfield Ave, Flint, Michigan. (**Exhibit 1** – NCO Credit Report). The collection file was received by the Department of Justice's Nationwide Central Intake Facility on March 30, 2011. On that same date, the Department of Justice's Nationwide Central Intake Facility sent a letter to the Plainfield address, addressed to Robert Turnbull, stating that a debt was owed and that the file was referred to Defendant to institute collection proceedings.

After receiving the file from the Department of Justice's Nationwide Central Intake Facility, Defendant sent a debt validation letter to the Plainfield address, addressed to Robert Turnbull, on April 14, 2011. (**Exhibit 2** – Debt Validation Letter). On May 13, 2011, Robert Turnbull called Defendant's office and expressed interest in setting up payment arrangements or settling the account. (**Exhibit 3** – Call Recording Notes). However, Robert Turnbull ultimately failed to set up any payment arrangement with Defendant or settle the account. Therefore, on May 26, 2011, Defendant filed a Complaint in the United States District Court, Eastern District of Michigan to recover the amount due and owing on the student loan note. One day later, on May 27, 2011, Defendant forwarded a copy of the Summons and Complaint to a process server for service and issued a Request for Change of Address or Boxholder Information Needed for

Service of Legal Process. Defendant received a copy of same from the post office indicating that there was no change of address order on file. (**Exhibit 4** – Request for Change of Address).

On June 6, 2011, Court Officer Dustin Miller attempted to serve Robert Turnbull at the Plainfield address. Miller was met by the father of Robert Turnbull, also named Robert Turnbull. Robert Turnbull's father claimed that his son did not live at the Plainfield address and gave Miller a new address, 10311 Charter Oaks Drive, Davison, Michigan. Miller traveled to the Charter Oaks address, where he was able to personally serve Robert Turnbull with the Summons and Complaint. Miller tendered to Defendant an affidavit of service which was filed with the Court. (**Exhibit 5** – Affidavit of Personal Service).

Robert Turnbull failed to answer or otherwise respond to the Complaint, and default judgment was entered against him on June 30, 2011. Defendant mailed a copy of the default judgment to the Charter Oaks address on July 1, 2011. On November 14, 2013 and June 11, 2014, Defendant ran skip trace searches and TLO searches to identify potential new addresses. (**Exhibit 6** – 2013 TLO Search Results) (**Exhibit 7** – 2014 TLO Search Results). The results showed a potential new address in Arizona[1] and employment for Sears Roebuck and Co. Therefore, Defendant issued a continuing garnishment as to Defendant's wages at Sears Roebuck and Co. on July 21, 2014 and served the writ of garnishment on the Arizona address. The garnishment was unsuccessful, and Sears Roebuck and Co. disclosed that Robert Turnbull was no longer an employee of the company. The writ of garnishment was also returned from the Arizona address marked "return to sender."

In June of 2015, Defendant ran another skip trace search to locate Robert Turnbull's employment, and received information that he was employed by TruGreen Limited Partnership.

---

[1] Despite showing the new Arizona address, the second and only other "verified" address hit on the TLO report was the Plainfield address. The report claimed that Robert Turnbull was presently living at both locations since the late 1990's. This report was generated according to Robert Turnbull's social security number.

On June 9, 2015, Defendant issued a writ of continuing garnishment as to Robert Turnbull's wages at TruGreen Limited Partnership and served the writ of garnishment on the Plainfield address on June 29, 2015. On July 14, 2015, TruGreen Limited Partnership issued a garnishee answer indicating it employed Robert Turnbull and would withhold earnings. TruGreen Limited Partnership stated that it mailed a copy of its garnishee answer to Robert Turnbull at the Plainfield address. (**Exhibit 8** – Garnishee Disclosure).

Six days later, on July 20, 2015, Robert Turnbull called Defendant's office, claiming he had been a resident of Wisconsin since 2009 and was never served with a complaint. On August 6, 2015, counsel for Plaintiff sent a complaint to Defendant, threatening to file a lawsuit if the case was not immediately set aside. Plaintiff's counsel also provided documentation alleging that Robert Turnbull was employed by a law firm in Wisconsin during 2011. At the request of Plaintiff to transfer the case to his current residence, Defendant agreed to release the garnishment, vacate the judgment and transfer the case to Wisconsin. (See **Exhibit 9** – Affidavit of Marissa Chojnacki in Support of Defendant's Motion for Summary Judgment).

### B. PLAINTIFF'S FDCPA LAWSUIT

Despite Defendant's agreement to release the garnishment and transfer the case to Wisconsin at Plaintiff's request, Plaintiff nonetheless filed the instant lawsuit against Defendant on June 1, 2016, claiming violations of the Fair Debt Collection Practices Act and Michigan Regulation of Collection Practices Act for allegedly bringing suit against him in the wrong venue. Despite Plaintiff admitting that it was likely that Defendant suffered from a case of mistaken identify due to Plaintiff's father having the same name, he has nonetheless asserted through his counsel that Defendant acted willfully and maliciously, entitling him to maximum statutory damages, treble damages, actual damages and attorney fees.

Plaintiff's complaint, in part by Plaintiff's own admission, should be dismissed, as any confusion as to Plaintiff's location, if so proven by Plaintiff, is a bona fide error under the FDCPA. Furthermore, Plaintiff has filed the instant complaint well outside the one-year limitations period for FDCPA claims. Plaintiff's claims should be dismissed with prejudice, and this Court should further evaluate whether a grant of Defendant's attorney fees are appropriate under the FDCPA.

## VII.    LAW AND ARGUMENT

### A. STANDARD OF REVIEW

#### 1.  FED. R. CIV. P. 12(b)(6)

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). A complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead, "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555.

Further, "[i]n determining whether to grant a 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997).

#### 2.  FED. R. CIV. P. 56(c)

Because Defendant's Motion to Dismiss incorporates exhibits and other documents not plead or referenced in the Complaint for purposes of its bona fide error defense, Defendant alternatively requests that summary judgment be granted in this matter. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2541 (1986) [quoting Fed. R. Civ. P. 56(e)].

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586; 106 S.Ct. 1348, 1356 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; see also, *Harris v General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle*

*Outfitters, Inc.*, 130 F.Supp.2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

### B. PLAINTIFF'S ACTION IS BARRED BY THE STATUTE OF LIMITATIONS

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., provides a cause of action against "any debt collector who fails to comply with any provision of this subchapter with respect to any person." 15 U.S.C. § 1692k(a). However, the statute specifically notes that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, ***within one year from the date on which the violation occurs***." 15 U.S.C. § 1692k(d) (emphasis added). This district has held that a cause of action under the FDCPA accrues, and the one-year limitations period begins to run, when a debt collector files a collection action against the debtor. *See McDonald v. Asset Acceptance LLC*, 296 F.R.D. 513 (E.D. Mich. 2013). Other districts within the Sixth Circuit have held that the one-year limitations period begins to run on the date of service of the lawsuit. *See Polinsky v. Community Health Partners Regional Health System*, 858 F.Supp.2d 891, 897 (N.D. Ohio 2012).

The Sixth Circuit has not yet addressed accrual of the limitations period in FDCPA cases based on filing in the wrong venue. However, the Fifth Circuit addressed this very issue in *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440 (5th Cir. 2013). In *Serna*, the debtor filed a FDCPA lawsuit against a debt collector for commencing a collection lawsuit in a county in which the debtor did not currently reside. *Id.* at 442. The lawsuit was filed on July 6, 2010, and the debtor was served with the summons and complaint on August 14, 2010. The debtor filed a

complaint alleging violation of the FDCPA venue requirement, but the filing fee was not paid, and the complaint therefore not accepted for filing by the court, until August 12, 2011. The trial court dismissed the case, determining that the complaint was filed more than one year outside of the limitations period. *Id.*

On appeal, the *Serna* Court considered the appropriate accrual period for claims under the FDCPA, and determined that an alleged violation of the FDCPA venue requirement "is not complete until the alleged debtor become aware of the debt-collection suit." *Id.* at 446. The Court further noted that it was "guided by the principle that a claim does not accrue for purpose of a statute of limitations until plaintiff experiences an actual injury. *Id.* at 445; *citing Frame v. City of Arlington*, 657 F.3d 215, 238 (5th Cir. 2011). Applying the above framework, the *Serna* Court reversed dismissal of the debtor's FDCPA claim, as it was filed within the one-year limitations period beginning from the date on which the debtor was served with the collection lawsuit. *Id.* at 450.

In the case at hand, Plaintiff's complaint was filed well outside of any reasonable period of limitations under the FDCPA. Defendant filed the complaint in the underlying student loan collection suit on May 26, 2011, and Plaintiff was personally served with the Summons and Complaint by court officer Dustin Miller on June 6, 2011. Plaintiff did not file the instant lawsuit until June 1, 2016, nearly *five years* after Plaintiff was personally served with in collection lawsuit. For this reason alone, Plaintiff's FDCPA claim should be dismissed with prejudice.

## C.  PLAINTIFF'S CLAIM IS WITHOUT MERIT PURSUANT TO THE BONA FIDE ERROR DOCTRINE

Assuming, *arguendo*, that Plaintiff's complaint in this action was timely, Plaintiff cannot prevail merely because the collection lawsuit was allegedly filed in the wrong venue. Pursuant to 15 U.S.C. § 1692k(c), a subparagraph labeled "INTENT," "[a] debt collector may not be held

liable in any action brought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

"To qualify for the bona fide error defense under the FDCPA, a debt collector must prove by a preponderance of the evidence that (1) the violation was unintentional, (2) the violation was a result of a bona fide error, and (3) the debt collector maintained procedures reasonably adapted to avoid any such error." *Hartman v. Great Seneca Financial Corp.*, 569 F.3d 606 (6th Cir. 2009); *quoting Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 538 F.3d 469, 476 (6th Cir. 2008), *rev'd on other grounds*, 559 U.S. 573 (2010). In the case at hand, Defendant is not only able to prove that any error was a bona fide error, but that the error was not even made by Defendant. Defendant reasonably relied upon the credit report and address information provided by the United States Department of Education, followed all appropriate procedures before filing suit, and had no reason to suspect Wisconsin as the appropriate venue after the court officer returned an affidavit of personal service in Michigan.

### 1. ANY ERROR IN DETERMINING VENUE WAS UNINTENTIONAL

In the instant case, Plaintiff does not claim that Defendant intentionally filed the collection complaint in the wrong venue. In fact, Plaintiff has indicated throughout the pendency of this action that he used to reside the State of Michigan and at the very addresses where personal service was attempted. Furthermore, Plaintiff contacted Defendant's office by telephone prior to the collection lawsuit and inquired on making arrangements to settle the debt, making no statement that he was no longer located in the State of Michigan. Defendant had no reason whatsoever to suspect that Plaintiff had left the State of Michigan. Therefore, even in the event

Plaintiff was no longer a resident of the State of Michigan at the time he was served with the summons and complaint, it is undisputed that the error was unintentional.

## 2. ANY ERROR IN DETERMINING VENUE WAS THE RESULT OF A BONA FIDE ERROR

As earlier stated, Defendant received a packet from the U.S. Department of Education on March 30, 2011 to proceed with collection of a student loan balance owed by Robert A. Turnbull. The packet contained a credit report for Mr. Turnbull, run earlier that month, identifying him by social security number and verifying a current address of 2802 Plainfield Ave, Flint, Michigan. After sending a demand letter to the Plainfield address, Defendant was contacted over the phone by an individual claiming to be Mr. Turnbull and requesting to make arrangements to settle the debt. After Mr. Turnbull failed to make arrangements, Defendant filed the collection lawsuit and Mr. Turnbull was personally served in the State of Michigan.

One key point that has not been mentioned in Plaintiff's Complaint, an issue discussed after Plaintiff's counsel contacted Defendant and sought to transfer Plaintiff's case to Wisconsin, is that Plaintiff, Plaintiff's father, and Plaintiff's grandfather all have the same name (making Plaintiff Robert Turnbull, III and his father Robert Turnbull, Jr.). Furthermore, Plaintiff has claimed that the Plainfield address was his father's address and confirmed that he used to reside at that address. This fact certainly helps explain why the Department of Education's 2011 NCO credit report, Defendant's 2011 postal verification, and Defendant's 2013 and 2014 TLO searches showed present verified addresses at the Plainfield address. And for this simple reason, Plaintiff's claim must be dismissed, as Plaintiff's claim of a violation of the venue requirement is based on clear bona fide error.

### 3. DEFENDANT MAINTAINED PROCEDURES REASONABLY ADAPTED TO AVOID ERROR

The third prong of bona fide error defense does not require debt collectors to take every conceivable precaution to avoid errors, but rather requires that reasonable precaution be taken. *McDonald v. Asset Acceptance LLC*, 296 F.R.D. 513, 526-27 (E.D. Mich. 2013), *citing Charbonneau v. Asset Acceptance, LLC*, 611 F.Supp.2d 736, 743 (E.D. Mich. 2009). Where the facts underlying the procedures are undisputed, the defense may be resolved as a question of law. *Id.* at 527.

In the case at hand, Defendant received a file from the United States Department of Education with instructions to pursue a judgment for an outstanding student loan balance. In accordance with its procedures, Defendant took the following steps:

(1)  Reviewed the file and the credit report contained within, which listed the Plainfield address as the debtor's verified residence;

(2)  Conducted an internal conflict check;

(3)  Conducted a PACER search to verify there were no pending bankruptcy proceedings;

(4)  Obtained a military status report to verify the debtor was not currently in the military;

(5)  Sent a demand letter to the address of record (after which Defendant received a telephone call from the debtor inquiring about payment arrangements); and

(6)  Issued a Request for Change of Address or Boxholder Information to the United States Postal Service (after which Defendant received verification from USPS that there was no change of address order on file). (**Exhibit 9**).

Defendant took all reasonable precautions and followed its maintained procedures prior to following suit in the collection action. It is therefore undisputed that Defendant followed all maintained procedures reasonably adapted to avoid errors in the collection process. Plaintiff has

11

not alleged that Defendant failed to follow any of the above steps, and for the reasons stated *infra*, Plaintiff's claim that Defendant was required to undertake additional investigation beyond the creditor's reports is without merit.

### D. DEFENDANT REASONABLY RELIED ON INFORMATION PROVIDED BY THE CREDITOR AND HAD NO REASON TO SUSPECT THE CREDITOR'S INFORMATION WAS UNRELIABLE

Lastly, it is crucial to note that Plaintiff may not place additional requirements on Defendant to verify Plaintiff's current location, especially in a case where Plaintiff was served in Michigan and Defendant had no reason to independently investigate the information provided to it by the United States Department of Education.

The FDCPA does not require that a debt collector conduct an independent investigation of the debt referred for collection; rather, the FDCPA simply requires maintenance of procedures reasonably adapted to avoid errors. *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1032 (1992). In *Smith*, the debtor was contacted by Ryder Truck Rental, Inc. about charges owing to the company. The debtor paid the charges, but the account was nonetheless mistakenly referred to Transworld Systems, Inc. to commence collection of the balance. After Transworld sent collection letters to the debtor, the debtor brought a FDCPA action alleging that Transworld had misrepresented the amount of the debt owed as well as various other FDCPA-related claims. *Id.* at 1027. Holding that the debt collector was entitled to the bona fide error defense, the Court stated as follows:

> Smith argues that Transworld should have conducted an independent investigation of the Ryder debt referred to it for collection to determine the accuracy of the debt. The district court correctly determined, however, that "[t]he statute does not require an independent investigation of the debt referred for collection."... Instead, the FDCPA requires "the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Accordingly, because Transworld's "use of an incorrect collection

12

amount was not intentional and resulted from bona fide error," ... the district court correctly concluded:

> The documents clearly reflect the fact that it was a clerical error on the part of defendant's client to refer plaintiff's account for collection, both as to the amount alleged as well as the fact that the debt had previously been paid. The defendant's referral form, completed and signed by Ryder, includes specific instructions to claim only amounts legally due and owing. Plaintiff has brought forth no facts to challenge the Ortiz affidavit which supports defendant's claim that it is entitled to the bona fide error defense. District Court's July 23, 1990 Memorandum Opinion at 13.

*Id.* at 1032.

While the Sixth Circuit has no analogous cases specifically regarding issues of venue, bona fide error in regards to wrong venue filings was addressed by the Nevada District Court in *Nichols v. Byrd*, 435 F.Supp.2d 1101 (D. Nev. 2006). In *Nichols*, the plaintiffs brought suit against a collection attorney for filing a collection suit against them in the wrong venue. The defendant was provided a file containing the collection service's investigation. Defendant reviewed this information, which included a last known address in Sparks Township, and USPS change of address forms. Defendant then filed suit in Sparks Township, and was sued shortly thereafter by the plaintiffs, who claimed that they lived in Reno. *Id.* at 1103. The defendant raised a motion to dismiss, treated by the court as a motion for summary judgment, and submitted an affidavit attesting that he reviewed the investigation results of the plaintiffs' last known address and USPS address verifications before filing suit, and that he believed the Sparks Township address to be proper. *Id.* at 1108-09. The Court granted summary judgment in favor of the defendant, holding that the defendant's affidavit had established by a preponderance of the evidence that the defendant had established a bona fide error. *Id.* at 1109. Further, the court noted

13

the following regarding plaintiffs' claim that summary judgment could not be granted because there was insufficient evidence at the early stage of litigation:

> While further discovery could potentially bolster the claims of either side, we do not see how Plaintiffs could lack some evidence of their proper residence to contradict Defendant's modest offering at this stage of the proceedings, unless that evidence simply did not exist. We, therefore, find that Plaintiffs have failed to establish a genuine issue of material fact that Defendant's filing of the lawsuit in Sparks Township was not the result of bona fide error and summary judgment on this issue is appropriate. *Id.*

The instant case is not only analogous to *Nichols*, but contains even more evidence and specific circumstances to clearly demonstrate that any filing of the collection suit in the wrong venue was the result of bona fide error:

 (1) The NCO credit report and other investigative information provided to Defendant by the United States Department of Education lists a last known address in Flint, Michigan;

 (2) Defendant's debt validation letter to the Plainfield address in Flint, Michigan;

 (3) Defendant's voicemail call notes from an individual claiming to be Robert Turnbull seeking to arrange payments;

 (4) Defendant's USPS address request, which indicated that there was no change of address order on file; and

 (5) Defendant's affidavit regarding all steps taken and procedures observed to determine that the Flint address was proper. (**Exhibit 9**).

Plaintiff cannot have any evidence to refute Defendant's evidence that clearly demonstrates, well beyond a preponderance of the evidence, that any error in venue was a bona fide error. Summary judgment should therefore be granted in favor of Defendant.

14

### E.  PLAINTIFF'S CLAIM UNDER THE MRCPA SHOULD LIKEWISE BE DISMISSED

Plaintiff has also brought a claim pursuant to the Michigan Regulation of Collection Practices Act, MCL 445.251, et seq. Plaintiff specifically alleges that Defendant has violated subsections (a), (e) and (f) of MCL 445.252 by making material misrepresentations and doing so willingly, thus entitling Plaintiff to treble damages. However, for all the reasons stated above, Plaintiff has failed to state in its complaint any specific material misrepresentations made by Defendant or any affirmative obligations Defendant failed to perform. Plaintiff's MRCPA claim should likewise be dismissed.

15

### VIII.   CONCLUSION AND RELIEF REQUESTED

The Fair Debt Collection Practices Act and Michigan Regulation of Collection Practices Act were enacted to prevent debt collectors from using deceptive practices and otherwise acting in bad faith to unfairly attack debtors. This case, however, is quite the opposite. Defendant did not intend to gain an unfair advantage or use deceptive practices in collecting the student loan debt, but truly believed upon reviewing documents from the assigning creditor, and upon successful personal service in the venue, that Michigan was the correct venue for the collection lawsuit. In fact, Plaintiff's claims seem to indicate that the choice of venue was based on a misunderstanding due to Plaintiff living at the home of his father, who shares the same name. Nonetheless, Plaintiff has brought this action against Defendant and has demanded maximum statutory damages based on what is painfully clear bona fide error in venue. Plaintiff's claims are therefore without merit and should be dismissed with prejudice.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant the following relief:

A.   Dismiss the instant action with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); or, alternatively,

B.   Grant summary judgment in favor of Defendant and dismiss the instant action with prejudice pursuant to Fed. R. Civ. P. 56(c);

C.   Award Defendant costs and attorney fees incurred in defending this action; and

D.   Grant any other relief that this Court deems just and appropriate under the circumstances.

Respectfully submitted,

O'REILLY RANCILIO P.C.

*/s/ Eric C. Turnbull*

Craig S. Schoenherr, Sr. (P32245)
Eric C. Turnbull (P76382)
Attorneys for Defendant
12900 Hall Road, Suite 350
Sterling Heights, MI 48313
(586) 726-1000
cschoenherr@orlaw.com
eturnbull@orlaw.com

Dated: August 10, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Andrew L. Campbell, Esq.
Attorney for Plaintiff
1000 Beach Street, Suite B
Flint, MI 48502
(810) 232-4344
michiganbk@gmail.com

O'REILLY, RANCILIO P.C.

By: _____ */s/ Eric C. Turnbull* _____
Craig S. Schoenherr, Sr. (P32245)
Eric C. Turnbull (P76382)
Attorneys for Defendant
12900 Hall Road, Suite 350
Sterling Heights, MI 48313
(586)726-1000
cschoenherr@orlaw.com
eturnbull@orlaw.com

Dated: August 10, 2016

J:\ORNAT\5475.87 - Turnbull, Robert\Pldgs\Mtn to dismiss.doc

17