UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT A. TURNBULL,

    Plaintiff,

v.

O'REILLY RANCILIO P.C.,

    Defendant.

Case No. 2:16-cv-11971-GAD-MKM
Hon. Gershwin A. Drain
Magistrate Judge Mona K. Majzoub

---

Andrew L. Campbell (P64391)
Attorney for Plaintiff
1000 Beach Street, Suite B
Flint, MI 48502
(810) 232-4344
michiganbk@gmail.com

O'REILLY RANCILIO P.C.
Craig S. Schoenherr, Sr. (P32245)
Eric C. Turnbull (P76382)
Attorneys for Defendant
12900 Hall Road, Suite 350
Sterling Heights, MI 48313
(586) 726-1000
cschoenherr@orlaw.com
eturnbull@orlaw.com

---

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OR
ALTERNATIVELY FOR SUMMARY JUDGMENT PURSUANT TO RULE 56(c)**

Defendant O'Reilly Rancilio P.C. hereby states and argues as follows in Reply to Plaintiff's Response to Defendant's Motion to Dismiss or Alternatively for Summary Judgment:

**A. PLAINTIFF ADMITS TO BEING AWARE OF IMPENDING LAWSUIT IN 2011**

Plaintiff has alleged in his response that the one year statute of limitations cannot possibly apply because he was not aware of the lawsuit in 2011. First and foremost, Plaintiff was personally served with the lawsuit in 2011, as attested to by court officer Dustin Miller. Plaintiff has attempted to dispatch this by making the bald assertion that this never happened and that Dustin Miller committed fraud and simply claimed to have served Plaintiff without ever doing

so. Defendant completely fails to understand, if this is Plaintiff's contention, why Plaintiff is nonetheless maintaining a suit against Defendant for another's alleged wrongdoing.

However, Plaintiff also admits in his Response that he did in fact receive Defendant's debt verification letter in 2011 warning that a lawsuit could be filed on the alleged student loan debt. Plaintiff further admits that he, in fact, called Defendant's office and inquired about the debt. This admission should immediately call into serious doubt Plaintiff's claim that he did not discover the existence of the lawsuit until 2015. Plaintiff's claim that the court officer simply falsified an affidavit of personal service at a location Plaintiff admittedly once lived at is certainly suspect, but also admitting to being aware of Defendant's attempts to collect the debt in 2011 should conclusively establish that Plaintiff's claim of ignorance with regards to the 2011 lawsuit is not credible. Defendant asks this Court to dismiss Plaintiff's lawsuit with prejudice due to running of the statute of limitations.

### B. PLAINTIFF HAS ALLEGED NO WRONGDOING ON PART OF DEFENDANT, BUT IS NONETHELESS SEEKING LIABILITY AGAINST DEFENDANT FOR ALLEGED WRONGS OF OTHER PARTIES

Plaintiff has also made various claims in his Response in an effort to avoid summary judgment on Defendant's bona fide error affirmative defense. However, Plaintiff's arguments not only miss the mark and are insufficient, but completely fail to address any of the substantial case law provided by Defendant in support of its position. Quite simply, Plaintiff has not alleged any facts demonstrating wrongdoing by Defendant, but nonetheless seeks to maintain this lawsuit based on allegations that point entirely to other parties. Plaintiff should not be allowed to maintain this lawsuit against Defendant on the basis that it is most convenient to sue Defendant, especially where no wrongdoing has been alleged of Defendant.

1. **DEFENDANT IS NOT SUBJECT TO THE DEPARTMENT OF EDUCATION PCA MANUAL AS ASSERTED BY PLAINTIFF**

Plaintiff continually refers in his Response to a Department of Education manual, and has claimed that Defendant violated its contract with the Department of Education by failing to adhere to standards in the manual. However, Plaintiff is making a fatal assumption that a document he apparently found on the internet is a contract that Defendant is mandated to follow. Defendant has no contract with the Department of Education. Defendant is not subject to a manual or set of guidelines from the Department of Education. The PCA manual attached by Plaintiff and continually referred to as the basis for his contention that Defendant failed to follow specifically identified protocols is only intended for **private collection agencies** that contract directly with the Department of Education. Defendant is not a large, national private collection agency which has contracted directly with the Department of Education; rather, Defendant is a small law firm that has contracted with the Department of Justice to litigate student loan debts on behalf of the United States within the judicial district pursuant to 28 C.F.R. Part 11, which authorizes the Department of Justice to contract with private counsel.

Defendant, by both definition and common sense, is clearly not a private collection agency subject to the Department of Education PCA manual. Furthermore, any claim by Plaintiff that he avoids summary judgment in this case pending Plaintiff's review of Defendant's contract with the Department of Justice is inappropriate. Defendant's contract with the Department of Justice is irrelevant and immaterial to any of Plaintiff's claims, and the same has no bearing on whether or not Defendant adhered to its regularly-maintained procedures in this case (which it did, as attested to in the affidavit attached to its Motion for Summary Judgment). Plaintiff's heavy reliance on the Department of Education PCA manual is entirely irrelevant to this case and should be disregarded by this Court.

### 2. DEFENDANT CANNOT BE HELD LIABLE FOR MISREPRESENTATIONS BASED ON ALLEGED FRAUD BY THE PROCESS SERVER

Plaintiff has also claimed, as noted above, that he was never served with the summons and complaint, and that the affidavit of the court officer attesting to personally serving Plaintiff at an address in Davison, Michigan, was fraudulent. Defendant fails entirely to understand Plaintiff's argument that this should somehow avoid summary judgment. For one, Plaintiff's claim that the process server happened upon an old address of Plaintiff and knowingly falsified an affidavit of personal service strains his credibility. Further, and more importantly, Defendant not liable for the fraud alleged to have been committed on Plaintiff by the court officer.

To succinctly state Defendant's position, it was reasonable to expect that the lawsuit was in the correct venue after receiving an affidavit of personal service in Davison, Michigan. Defendant reasonably relied on all information provided to it, including the affidavit of personal service, and had no reason whatsoever to conclude that Plaintiff was located in another venue. The apparent implication that Defendant should have assumed the court officer's affidavit of personal service to be fraudulent simply makes no sense.

### C. PLAINTIFF SHOULD NOT BE PERMITTED TO AMEND COMPLAINT TO SURVIVE SUMMARY JUDGMENT

Lastly, Plaintiff has argued that he should be allowed to amend his Complaint to allege that Defendant now violated the Fair Debt Collection Practices Act by failing to suspend collection activity within five days of Plaintiff disputing the debt. In support of his contention, Plaintiff once again points to the Department of Education PCA manual, a document that has absolutely no bearing on this case as already outlined above. It is clear at this point that Plaintiff is attempting to keep anything pending in this case because Defendant is, quite simply, the most

4

convenient party for Plaintiff to sue. Plaintiff's request to amend has no basis in either statute or case law and should also be flatly rejected.

### D. PLAINTIFF IS ABUSING THE INTENDED PURPOSE OF THE FDCPA AND IS NOW MAINTAINING THIS ACTION IN BAD FAITH

It is not only painfully obvious in this case that Defendant did not violate the FDCPA, but that Plaintiff has continued with this action fully knowing this. First and foremost, Plaintiff admits in the Joint Discovery Plan (Dkt 7) that he believes Defendant accidentally confused him with his father, who has the same name. Defendant has further supplied credit reports and address verifications normally reviewed conducted in its litigation process, all of which also listed Plaintiff at his father's address. This alone is more than sufficient to establish the bona fide error defense. However, Plaintiff has refused to dismiss the lawsuit, and has instead now argued that the Department of Education's PCA manual somehow applies to Defendant, that Defendant redacted too much of Plaintiff's personal information, and that Defendant's later withdrawal of the garnishment and transfer of Plaintiff's file to Wisconsin somehow constitutes an admission of wrongdoing.

Plaintiff's entire case, and entire theory for avoiding summary judgment, has been reduced to nothing more than wild speculation and misinformation; however, Plaintiff has continued to maintain this suit. Not only should this case be dismissed with prejudice, but Plaintiff should be ordered to pay Defendant's costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) as this action has been maintained in bad faith. The purpose of the FDCPA venue provision is to prevent debt collectors from knowingly suing debtors in the wrong venue to gain an unfair advantage. Plaintiff is fully aware that such is not the case here, and that to the extent it is proven that Plaintiff resided outside of Michigan at the time, Defendant did not intend to purposefully bring a lawsuit in the wrong district and bona fide error applies. Nonetheless,

Plaintiff has refused to dismiss this lawsuit and presented increasingly outrageous theories in an attempt to avoid summary judgment.

    WHEREFORE, Defendant respectfully requests that this Honorable Court grant its Motion to Dismiss or, alternatively, for Summary Judgment, dismiss Plaintiff's case with prejudice, award Defendant costs and attorney fees for having to defend this action, and grant any other relief this Court deems just and appropriate under the circumstances.

    Respectfully submitted,

    O'REILLY RANCILIO P.C.

    */s/ Eric C. Turnbull*
    _____
    Craig S. Schoenherr, Sr. (P32245)
    Eric C. Turnbull (P76382)
    Attorneys for Defendant
    12900 Hall Road, Suite 350
    Sterling Heights, MI 48313
    (586) 726-1000
    cschoenherr@orlaw.com

Dated: September 13, 2016    eturnbull@orlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on September 13, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

      Andrew L. Campbell, Esq.
      Attorney for Plaintiff
      1000 Beach Street, Suite B
      Flint, MI 48502
      (810) 232-4344
      michiganbk@gmail.com

                O'REILLY, RANCILIO P.C.

            By:     */s/ Eric C. Turnbull*
                Craig S. Schoenherr, Sr. (P32245)
                Eric C. Turnbull (P76382)
                Attorneys for Defendant
                12900 Hall Road, Suite 350
                Sterling Heights, MI 48313
                (586)726-1000
                cschoenherr@orlaw.com
                eturnbull@orlaw.com

Dated: September 13, 2016

J:\ORNAT\5475.87 - Turnbull, Robert\Pldgs\Reply brief in support of mtn to dismiss.doc