UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT A. TURNBULL,**

    **Plaintiff,**                               Case No. 16-cv-11971

    v.                                       District Judge Gershwin A. Drain

**O'REILLY RANCILIO P.C.,**             Magistrate Judge Mona K. Majzoub

    **Defendant.**

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND**

This matter is before the Court on Plaintiff's Motion to Amend Complaint. (Docket no. 17.) Defendant opposes Plaintiff's request, contending that the proposed amended complaint would fail to state a claim upon which relief can be granted. (Docket no. 19.)

With consent of the Parties, this case has been referred to the undersigned for all proceedings in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docket no. 11.) The Court has reviewed the pleadings and determined that the Motion will be resolved without oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons set forth below, Plaintiff's proposed amended complaint fails to state a viable claim under the Fair Debt Collection Practices Act (FDCPA), and the Court must deny Plaintiff's motion for leave to amend.

**I. BACKGROUND**

This matter arises from Defendant's efforts to collect on a student loan debt. Plaintiff filed a two-count complaint alleging that Defendant violated the FDCPA by (1) suing Plaintiff in a judicial district in which Plaintiff did not reside at the time of the commencement of the action

and by (2) asserting that it had the right to garnish Plaintiff's wages on the basis of the allegedly defective underlying judgment. (Docket no. 1.) Plaintiff also contended that Defendant's actions violated Michigan law. (*Id.*)

Defendant filed a motion to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and, in the alternative, for summary judgment under Rule 56(c). (Docket no. 8.) In support of its motion, Defendant contended that any violation of the FDCPA was the result of a "bona-fide error," for which a debt collector may not be held liable. (Docket no. 8, pp. 8-9 (citing 15 U.S.C. § 1692(k)).) Plaintiff contested Defendant's assertion of the bona-fide error defense, and, within his responsive pleading, sought leave to file an amended complaint in order to add "additional plausible claims that are not futile," including that the garnishment efforts undertaken by Defendant violated the venue provision of the FDCPA, 15 U.S.C. § 1692i. (Docket no. 13, pp. 8-9, 23-24.)

The Court partially granted Defendant's motion, dismissing Plaintiff's FDCPA claims on the basis that Defendant had at most committed a bona-fide error. (Docket no. 16.) However, the Court observed that Plaintiff's proposed amended claims based on the garnishment proceedings might be viable. (*Id.* at p. 11.) Accordingly, the Court permitted Plaintiff to file a procedurally proper motion for leave to amend. (*Id.*) The Court further indicated that if Plaintiff failed to add a valid federal claim, the Court would decline to exercise jurisdiction over the state-law claims and dismiss the entire matter. (*Id.* at p. 13.)

On April 5, 2017, Plaintiff filed his motion for leave to amend (docket no. 17), asserting that the proposed amended pleading would state an FDCPA claim that would not be subject to the same basis for dismissal of his originally-pleaded claims. Defendant contends that the

proposed amended complaint would remain subject to dismissal as a matter of law, and on that basis opposes Plaintiff's motion for leave to amend. (Docket no. 19.)

## II. STANDARD OF REVIEW

A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). Such leave should be granted in the absence of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

## III. ANALYSIS

As described above, the Court dismissed Plaintiff's FDCPA claim as originally pleaded, but permitted Plaintiff to file a motion for leave to amend in order to address whether Defendant's garnishment efforts could give rise to a viable FDCPA claim. Because Defendant opposes Plaintiff's request, the Court must determine whether justice requires granting leave to amend. *See* Fed. R. Civ. P. 15(a)(2). In determining whether "justice so requires," the Court will look to "the substance of the proposed amendment." *Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002) (citation omitted). A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Plaintiff seeks leave to amend his complaint in order to allege that Defendant violated the FDCPA by filing a writ of garnishment in a venue in which (1) Plaintiff did not reside at the time of filing and (2) Plaintiff did not sign the contract sued upon. (Docket no. 17, exh. 7.) The FDCPA venue provision (§ 1692i) states in pertinent part as follows:

3

> Any debt collector who brings any legal action on a debt against any consumer shall [in cases other than actions to enforce an interest in real property securing the consumer's obligation] bring such action only in the judicial district or similar legal entity (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action.

15 U.S.C. § 1692i.

Defendant contends that granting leave to add this claim would be futile because the garnishment action at issue is not subject to § 1692i. (Docket no. 19, pp. 6-11.) The Parties do not dispute that (1) Defendant is a debt collector, (2) a garnishment is a legal action on a debt, and (3) Plaintiff is a consumer. Accordingly, the question before the Court is whether garnishment proceedings at issue constitute a legal action "against any consumer" under § 1692i. The Sixth Circuit has not had occasion to rule on this issue. *See Adkins v. Weltman, Weinberg & Reis Co., L.P.A.*, No. 2:11-CV-00619, 2012 WL 604249 (S.D. Ohio Feb. 24, 2012). The Parties rely on competing case law from various jurisdictions, which the Court will proceed to address below.

In the context of a similar claim under § 1692i, the First Circuit determined that the Massachusetts "trustee process" (akin to wage-garnishment proceedings) "is an action against a third-party trustee and not the consumer." *Smith v. Solomon & Solomon, P.C.*, 714 F.3d 73, 76 (1st Cir. 2013). The court concluded that the trustee process was "geared toward compelling the trustee to act, not the debtor," notwithstanding the fact that the debtor "must be given notice of the hearing and an opportunity to contest the attachment." *Id*. The court emphasized "the fact that a trustee process action in Massachusetts can only be initiated in the venue in which the trustee is located," and went on to observe that if the FDCPA required the debt collector to file a garnishment proceeding where a debtor resides, "it would be impossible for a debt collector to enforce a prior judgment through trustee process in Massachusetts unless the judgment debtor

4

happened to reside or to have signed the underlying contract in the same county in which the trustee had a usual place of business." *Id*. at 77.

Similarly, the Seventh Circuit determined that Illinois' garnishment procedure "makes clear that its focus is on the third-party employer, not the judgment debtor" and is not an action against a consumer for purposes of the FDCPA. *Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 864 (7th Cir. 2016). In reaching this conclusion, the court highlighted several aspects of a garnishment action in Illinois, including that "the judgment debtor is not a necessary participant" and that such actions "must be filed in the county where the third-party employer resides, regardless of the judgment debtor's residence." *Id*.

Like the actions at issue in *Jackson* and *Smith*, the garnishment proceedings undertaken by Defendant cannot be considered an action "against [a] consumer." The factors emphasized by *Jackson* and *Smith* are equally persuasive in the context of this case. Several provisions of Michigan's garnishment procedure clearly indicate that such an action is not "against" the underlying debtor. In particular, Michigan law provides that a court has power to apply property or an obligation to satisfy a claim "whether or not the state has jurisdiction over the person against whom the claim is asserted" (i.e., the underlying debtor). Mich. Comp. Laws § 600.4011. Furthermore, under the Michigan Court Rules, the underlying debtor may object only on the basis of "defects in or the invalidity of the garnishment proceeding itself," as opposed to "the validity of the judgment previously entered." Mich. Ct. R. 3.101(K). Finally, Michigan law provides that the proper venue for a garnishment action is any venue that would be proper for both the garnishee and the debtor, but if no such county exists, simply the venue that is proper for the garnishee. Mich. Comp. Laws § 600.4025. Accordingly, to accept Plaintiff's interpretation of the FDCPA would create the same venue quandary highlighted by the *Smith*

5

Court. That is, if a Michigan garnishment action were "against [a] consumer" for purposes of the FDCPA, a debt collector could not undertake a garnishment proceeding unless the debtor and garnishee shared a common proper venue. Like the *Smith* Court, this Court does not "read the FDCPA as mandating such a strange result." *Smith*, 714 F.3d at 77.

In support of the opposite conclusion, Plaintiff relies on a Ninth Circuit case, *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994), as well as the *Adkins* case cited above, a matter decided in the Southern District of Ohio. In *Fox*, the Ninth Circuit held that the plain meaning of the term "legal action" encompasses all judicial proceedings, including those in enforcement of a previously-adjudicated right. *Fox*, 15 F.3d at 1515. In reaching this conclusion, the *Fox* Court expressed concern that debtors might have to "defend against the amount of garnishment in a distant court." *Id*. Citing *Fox* with approval, the *Adkins* Court determined that the garnishment action at issue in that case was "against the employee-judgment debtor" as opposed to the employer-garnishee. *Adkins*, 2012 WL 604249 at *6. In support, the *Adkins* Court reasoned that, under the Ohio garnishment procedure, "[o]nly the judgment creditor and the judgment debtor have any beneficial interest at stake in a garnishment action." *Id.*

The Court finds *Fox* and *Adkins* to be unavailing in the context of this case. Although the court in *Fox* determined that "legal action" under § 1692i means all judicial proceedings, this does not answer the question of whether a garnishment action is "against any consumer." To determine whether the action at issue is "against any consumer," one must look to the nature of judicial proceedings at issue, which in this case requires the Court to refer to the Michigan wage-garnishment scheme. *See Jackson*, 833 F.3d at 863. For this reason, *Adkins*, which addresses Ohio's garnishment procedure, is of limited persuasiveness. Most importantly, as noted by the

Seventh Circuit in *Jackson*, Ohio law does not require the garnishment action to be filed in the county where the employer resides. *Id.* at 865.

Accordingly, Plaintiff's proposed amended complaint fails to state a claim under the FDCPA that would withstand a Rule 12(b)(6) motion to dismiss. Because granting leave to amend would be futile under the circumstances, the Court must deny Plaintiff's motion.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to Amend (docket no. 17) is **DENIED**. As provided in this Court's order of partial dismissal (docket no. 16), the Court declines to exercise supplemental jurisdiction over the state-law claims and now dismisses Plaintiff's complaint in its entirety.


Dated: October 13, 2017         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: October 13, 2017         s/ Lisa. C. Bartlett
                                Case Manager